THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHRIST NOLAN, Plaintiff in Error.

*Opinion filed April 19, 1911—Rehearing denied June 8, 1911.*

1. CRIMINAL LAW—*indictment for robbery need not accurately describe article taken.* The gist of the offense of robbery is the force or intimidation and the taking from the person of another, against his will, of a thing of value belonging to him or in his custody, and it is not essential that the indictment shall accurately describe the article taken.

2. SAME—*an indictment for robbery describing article taken as "one pin of the value of $400" is sufficient.* An indictment for robbery which describes the article taken as "one pin of the value of $400" is sufficient to sustain a conviction under evidence describing the article taken as a "diamond stud," or a "stud solitaire with a screw" or "spiral."

CARTWRIGHT and VICKERS, JJ., dissenting.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding.

LOUIS GREENBERG, and JOHN F. TYRRELL, for plaintiff in error.

W. H. STEAD, Attorney General, JOHN E. W. WAYMAN, State's Attorney, and FRED H. HAND, (THOMAS MARSHALL, and CLAUDE F. SMITH, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Sidney Campbell, Robert Boyd, Frank Noonan and the plaintiff in error, Christ Nolan, were indicted at the September term, 1907, of the criminal court of Cook county for robbing Maurice A. Schenick, on the 13th day of August, 1907, of "one pin of the value of $400." Noonan was acquitted, and Campbell, Boyd and the plaintiff in error were found guilty under said indictment. The case as to Campbell was considered by this court in *People* v. *Camp-*

*bell,* 234 Ill. 391. The facts as to the robbery are sufficiently set out in that opinion and need not be re-stated here.

It is contended that the property is not sufficiently described in the indictment to comply with section 9 of article 2 of the constitution, which provides that "the accused shall have the right  *  *  *  to demand the nature and cause of the accusation," etc.; and it is further contended that there is a variance between the proof and the indictment, the latter describing the property as "one pin," while in the evidence it is called a "diamond stud," a "stud solitaire with a screw" or "spiral." The gist of the offense of robbery is the force or intimidation, and the taking from the person, against his will, of a thing of value belonging to him. In such case it is not necessary or material to describe accurately or prove the particular identity or value of the property taken, further than to show it was the property of the person assaulted or in his care, and had a value. (*Burke* v. *People,* 148 Ill. 70; *Schroeder* v. *People,* 196 id. 211.) The words "pin" and "stud" were both used in referring to this identical property in *People* v. *Campbell, supra,* and no question was raised, either by counsel or the court, that the property was not properly described as "one pin" in the indictment or that the terms "pin" and "stud" could not be used interchangeably. Webster defines a pin as "an ornament  *  *  *  fastened to the clothing by a pin; a piece of wood, metal, etc., generally cylindrical, used  *  *  *  as a support by which one article may be suspended from another." (New Int. Dict.; see, also, Standard Dict.) In *Rex* v. *Moore,* 1 Leach, 335, an ornament was described in the indictment as "one diamond pin." In commenting on this case in 2 Russell on Crimes (6th ed. p. 88,) the author describes this ornament as "a heavy diamond pin, with a cork-screw stalk twisted in a lady's hair." In this case the diamond ornament was fastened to or suspended from the shirt by a cork-screw piece of metal. Manifestly, under the authorities cited the property in ques-

tion was correctly described as a pin. This question was not raised on the trial below by plaintiff in error or his counsel. Evidently he was not misled as to the property described in the indictment. An indictment for robbery sufficiently describes the property taken if it enables the jury to identify the chattels stolen with those referred to in the indictment. *State* v. *Burke,* 73 N. C. 83; *State* v. *Sanders,* 14 N. Dak. 203; *People* v. *Richards,* 136 Cal. 127; 34 Cyc. 1804.

We find no reversible error in the record. The judgment of the criminal court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTWRIGHT, dissenting:

A stud is not a pin, either in common parlance or according to any lexicographer. It is defined as "a detachable, button-like device made in various forms, to be inserted through one or more button-holes or eyelets and serve as a fastener, for ornament, etc." (Webster's New Int. Dict.) In *King* v. *Moore,* 1 Leach, 335, the indictment was for robbery, and the only question raised or considered was whether the taking was with sufficient force to constitute that crime. The ornament consisted of seven buttons of peculiar brilliancy, fixed on a long silver screw-stock of considerable weight, which was very deeply twisted into the hair of the owner, and her hair was strongly craped all around it. It was not a stud and bore no resemblance to one, and while the question whether it was a pin was not considered, the fact that a part of an ornament is not straight, or is bent or curved for greater security, would not change its character, provided it is, in fact, a pin.

Mr. JUSTICE VICKERS: I concur in the dissenting opinion of Mr. Justice Cartwright.