STATE v. TOM KEG MULL, HERMAN LaFEVERS and LESTER MULL.

(Filed 1 November, 1944.)

**1. Robbery § 1b—**

Force or intimidation, occasioned by the use or threatened use of firearms, is the main element of the offense of robbery with firearms. G. S., 14-87. It is not necessary or material to describe accurately or prove the particular identity or value of the property, further than to show it was the property of the person assaulted or in his care, and had a value.

**2. Same—**

Upon a conviction of robbery with firearms, the verdict conforming to the charge and evidence, there is no error where evidence, of a demand on the victim for property not mentioned in the indictment, was admitted without objection and referred to in the court's charge.

APPEAL by defendants from *Warlick, J.,* at Special Criminal Term, March, 1944. From BURKE.

Criminal prosecution tried upon indictment charging the defendants, and another, with robbery with firearms in violation of G. S., 14-87.

The bill charges that on 6 October, 1943, the defendants committed an assault upon one Cleveland Whisenant with a pistol and shotgun, and "did place him in bodily fear and endanger his life and did . . . rob him of the sum of two dollars in money, the property of the said Cleveland Whisenant, against the form of the statute in such case made and provided and against the peace and dignity of the State."

The evidence on behalf of the State tends to show that on the night of 6 November, 1943, Cleveland Whisenant, accompanied by his two sons, stopped his automobile on a public road in Burke County to repair a punctured tire.

The defendants, also driving in a car, stopped some distance away, got out, and Lester Mull went forward, drew his pistol on Cleveland Whisenant and with threatening language demanded some gas or gas tickets. He was followed shortly by the other defendants, one of whom had a gun strapped on his back. Lester Mull then took Whisenant to a bridge near-by and got $2.00 from him. Upon their return Lester Mull said to Whisenant in the presence of the others, "We need $1.00 more." To this, Whisenant replied, "I have already given you $2.00." He further stated that he had no gas tickets or coupons; that he had to go to the Ration Board to get gas for the trip he was then on. Whereupon, someone remarked, "We better not take his tickets." Soon thereafter Whisenant was assaulted and knocked to the ground. The defendants picked him up and put him in his car and searched his pockets. He died on the way to the hospital (not from the assault, but from natural causes or over-exertion perhaps). The evidence also tends to show that Tom Keg Mull and Herman LaFevers had been drinking.

The deceased, who lived in Asheville, was in Burke County with his family to attend the funeral of his brother-in-law. He did not know the defendants.

There was evidence on behalf of the defendants tending to show that Berle Rector, who ran away and has not been apprehended, and not Lester Mull, was the one who got the money.

Verdict: As to Loy Rector, "not guilty." As to Tom Keg Mull, Herman LaFevers and Lester Mull, "guilty of robbery with firearms as charged in the bill of indictment."

Judgment: Imprisonment in the State's Prison for not less than 5 nor more than 7 years.

The defendants appeal, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Russell Berry and S. J. Ervin, Jr., for defendants.*

STACY, C. J. The only serious exception appearing on the record is the one addressed to the following excerpt from the charge:

"I instruct you that money is personal property; and I further instruct you that under the law as it applies, gas tickets or coupons are recognized as personal property, and that the taking of them is a breach of the statute as charged against the defendants."

The alleged vice of this instruction is, that it enlarges upon or departs from the bill of indictment, which specifies the property taken as "two dollars in money" and makes no reference to any gas tickets or coupons.

In short, the defendants say they were charged with one offense, and under the court's instruction may have been convicted of another. *S. v. Harbert,* 185 N. C., 760, 118 S. E., 6.

The State offers three suggestions in support of the charge and in reply to the criticism of the defendants: first, the exact description of the property is not material; secondly, there is no evidence of any gas tickets or coupons being taken; and, finally, the error in the charge, if any, is cured by the verdict which limits the taking to the "two dollars in money" since it declares the defendants "guilty of robbery with firearms as charged in the bill of indictment."

Initially, it should be observed that the bill charges robbery from the person by the use or threatened use of firearms of two dollars in money the property of Cleveland Whisenant. The gist of the offense, as thus alleged, is the accomplishment of the robbery by the use or threatened use of firearms. *S. v. Keller,* 214 N. C., 447, 199 S. E., 620. Force or intimidation occasioned by the use or threatened use of firearms, is the main element of the offense. G. S., 14-87; *S. v. Sawyer, ante,* 61, 29 S. E. (2d), 34; *S. v. Burke,* 73 N. C., 83. "In such case it is not necessary or material to describe accurately or prove the particular identity or value of the property, further than to show it was the property of the person assaulted or in his care, and had a value." *People v. Nolan,* 250 Ill., 351, 95 N. E., 140, 34 L. R. A. (N. S.), 301, Ann. Cas. 1912 B 401; 46 Am. Jur., 154.

Secondly, there was no objection on the trial to the evidence tending to show that gas tickets or coupons were demanded in addition to the money. Apparently the kind and value of the property taken was not regarded as capitally important. In this respect the trial seems to have proceeded in accordance with precedent. *S. v. Sawyer, supra.* "In robbery the kind and value of the property is not material, because force or fear is the main element of the offense." *S. v. Burke, supra.* The fact that the bill contains no reference to gas tickets or coupons appears not to have been mooted on the trial. It may have been discovered later.

Nevertheless, without definite ruling on the question of enlargement upon or departure from the bill, we think the case may be made to rest on the suggestion that the verdict conforms to the charge and the evidence. The indictment has been established on the record. The matter now debated was unnoticed at the time of trial. The defendants have had a full and open hearing, with no suggestion of surprise, and it is not perceived wherein they have been prejudiced. A new trial would only result in giving them another "bite at the cherry."

The jury was instructed that an attempt to commit the crime charged "is a misdemeanor." *S. v. Jordan,* 75 N. C., 27. However, it will be

noted that by the terms of the statute, one who "unlawfully takes or attempts to take personal property" in the circumstances named, or who "aids or abets any such person or persons in the commission of such crime, shall be guilty of a felony." G. S., 14-87. Thus it would appear that this particular instruction was more favorable to the defendants than they had a right to expect.

A careful perusal of the entire record leaves us with the impression that the verdict and judgment should be upheld.

No error.