## STATE v. JAMES PARTLOW.

(Filed 22 November, 1967.)

**1. Indictment and Warrant § 15;   Criminal Law §§ 127, 146—**
   The sufficiency of a bill of indictment may be raised by motion to quash or by motion in arrest of judgment, or the Supreme Court may take notice of a fatally defective warrant *ex mero motu*.

**2. Indictment and Warrant § 9—**
   An indictment must charge the offense with sufficient certainty to identify the offense and to protect the accused from being put in jeopardy for the same offense, and enable the accused to prepare for trial, and to enable the court, upon conviction or plea of *nolo contendere*, to pronounce sentence, since defendant is entitled to preserve his constitutional right not to be put in jeopardy upon a subsequent prosecution which is for the same offense both in law and fact. Constitution of North Carolina, Art. I, § 17.

**3. Criminal Law § 10;   Robbery § 2—**
   An indictment charging defendant with being an accessory before the fact to an armed robbery committed by named persons on a specified date, without any factual averments as to the identity of the victim, the property taken or the manner or method in which defendant counseled, incited, induced or encouraged the principal felons, is fatally defective, since such indictment is too indefinite to protect defendant from a prosecution for any other armed robbery which might have been committed by the principal felons on the same day.

**4. Indictment and Warrant § 9—**
   Where a statute charges an offense in general terms, an indictment therefor must particularize and identify the crime so as to protect defendant from a subsequent prosecution for the same offense.

**5. Criminal Law § 127—**
   Where judgment is arrested for fatal defect in the indictment, the State may thereafter put defendant on trial under a proper bill of indictment, if it so elects.

**6. Criminal Law § 106—**

The unsupported testimony of an accomplice is sufficient to support a conviction if it satisfies the jury of defendant's guilt beyond a reasonable doubt.

**7. Criminal Law § 167—**

The presumption is in favor of the regularity of the trial below with the burden on defendant to show error affecting the result adversely to him.

**8. Criminal Law §§ 10, 138—**

A defendant on trial upon an indictment charging him with being an accessory before the fact may not complain that the judge in the exercise of his discretion failed to sentence the principal felons upon their plea of guilty until the court had heard all of the evidence, including the evidence adduced upon the trial of defendant as an accessory before the fact, since during the term the judgment of the court remains *in fieri*, there being nothing to indicate that any threats or promises of reward were made to any of the witnesses.

**9. Criminal Law § 177—**

Where defendant is convicted under two bills of indictment consolidated for trial, and the judge directs that the sentence upon the second conviction should begin at the expiration of the sentence imposed upon the first, the cause must be remanded for proper judgment when the judgment on the first conviction is arrested for fatal defect in the indictment.

APPEAL by defendant from *Bailey, J.,* 8 May 1967 Schedule "B" Criminal Session of MECKLENBURG.

Criminal action tried under two bills of indictment charging defendant with being (1) an accessory before the fact of armed robbery, and (2) an accessory after the fact of armed robbery. Defendant entered pleas of not guilty.

Both counts were consolidated for trial with the case of *State v. Avery Partlow,* who was indicted as one of the principals in the armed robbery. Defendant Avery Partlow's motion for nonsuit was allowed at the conclusion of the State's evidence.

The State's evidence in pertinent part is as follows:

Ralph James testified that he owned the Diamond Restaurant at 1901 Commonwealth Avenue in Charlotte, N. C. After closing the business at 9:00 P.M. on 3 December 1966, only he and the clean-up boy remained on the premises. As he was locking the kitchen door, two boys, identified by James as Willie Moore and Don Land, approached him and said, "This is a holdup. Get back inside." Moore and Land had previously worked for James. Moore had a gun. Moore and Land took approximately $900 in cash and $300 in checks, contained in separate bank deposit bags. James offered no resistance because they had a gun pointed at him. The money was never recovered.

Don Land, one of the principals in the armed robbery, testified that on 3 December 1966, he and Willie Moore asked defendant to get them transportation because they wanted to rob the Diamond Restaurant. Defendant replied that he would try to get a car. Later that night, defendant told Moore and Land that he had transportation. The three of them got into the car with Avery Partlow and one other man and three girls. After making one stop, they asked Avery Partlow, the driver, to take them to a location about one and a half blocks from the Diamond Restaurant. Land stated that only he, Moore and defendant knew about robbing the Restaurant. Moore, with the gun, told Ralph James that this was a robbery. Moore and Land left with the money and the two money bags. When they returned to the car, they told defendant, "everything went off all right." Moore, Land and defendant left in another car and, at defendant's suggestion, went to South Carolina. While there, the money was divided among them. After returning to Charlotte, Land and defendant went to Miami, Florida, where they stayed for about two months. Land came back to Charlotte and talked to Mr. Smith and Mr. Bruce S. Treadway about the events before and after the robbery. His statement was reduced to writing and signed by him. He said that he had pleaded guilty to armed robbery growing out of the occurrence to which he had testified but had not yet been sentenced.

Willie Moore, the other principal in the armed robbery, testified that he did not know Land had talked to defendant about getting an automobile but stated that defendant had said something about having gotten a car for him. Moore stated that he had pleaded guilty to the charge of armed robbery growing out of the incident he testified to, but had not yet been sentenced. He also had signed a statement concerning the occurrence. His other testimony was generally a repetition of Land's testimony.

Detective Bruce S. Treadway of the Charlotte Police Department testified that he had investigated the armed robbery, had talked to Land and Moore, and that they had made statements which had been reduced to writing and signed by them.

At the conclusion of the State's evidence defendant's motion for nonsuit was denied.

Defendant's evidence may be summarized as follows:

Vera Graham testified that defendant drank about four or five cans of beer and some liquor and was drunk when they arrived near the Diamond Restaurant. She did not know anything about the robbery. She testified about the trip to South Carolina.

Avery Partlow testified about being with defendant on 3 December 1966. He said that defendant had been drinking and became

sick; that he drove Moore and Land to a place near the Diamond Restaurant at their request, and that he heard nothing about a robbery.

The jury returned verdicts of guilty as charged: accessory before the fact of armed robbery and accessory after the fact of armed robbery. Upon the verdicts returned by the jury, judgment was entered sentencing defendant to imprisonment in the State Prison for a term of ten years, to be assigned to do labor as provided by law on the charge of accessory before the fact of armed robbery; and upon the charge of accessory after the fact of armed robbery, sentencing defendant to imprisonment in State Prison for a term of ten years, to be assigned to do labor as provided by law, this sentence to commence at the expiration of the sentence imposed for accessory before the fact of armed robbery.

Defendant appealed.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*

*E. Glenn Scott, Jr., for defendant appellant.*

BRANCH, J. Defendant's conviction of accessory before the fact of armed robbery was based upon the following bill of indictment.

"The Jurors for the State upon their oath present, That James Partlow, late of the County of Mecklenburg, on the 3rd day of December, in the year of our Lord one thousand nine hundred and sixty-six, with force and arms, at and in the County aforesaid, unlawfully, wilfully and feloniously, did be and become an accessory before the fact of armed robbery committed by one Willie Moore and one Don Lands, the same being the principal felons, in that he, James Partlow, counseled, incited, induced, procured and encouraged the principal felons to commit the aforesaid felony of armed robbery, against the form of the statute in such case made and provided and against the peace and dignity of the State.

The proper methods to raise the question of the sufficiency of a bill of indictment are by motion to quash or motion in arrest of judgment. However, if the offense is not sufficiently charged in the indictment, this Court, *ex mero motu*, will arrest the judgment. *State v. Walker,* 249 N.C. 35, 105 S.E. 2d 101.

In the case of *State v. Greer,* 238 N.C. 325, 77 S.E. 2d 917, the Court considered the validity of a bill of indictment, and Parker, J. (now C.J.) stated:

"The authorities are in unison, that an indictment, whether at common law or under a statute, to be good must allege lucidly and accurately all the essential elements of the offense endeavored to be charged. The purpose of such constitutional provisions is: (1) such certainty in the statement of the accusation as will identify the offense with which the accused is sought to be charged; (2) to protect the accused from being twice put in jeopardy for the same offense; (3) to enable the accused to prepare for trial, and (4) to enable the court, on conviction or plea of *nolo contendere* or guilty to pronounce sentence according to the rights of the case. *S. v. Cole,* 202 N.C. 592, 163 S.E. 594; *S. v. Gregory,* 223 N.C. 415, 27 S.E. 2d 140; *S. v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166; *S. v. Miller,* 231 N.C. 419, 57 S.E. 2d 392; *S. v. Gibbs,* 234 N.C. 259, 66 S.E. 2d 883."

In considering the validity of this indictment we recognize that by statute (G.S. 14-5) the facts which formerly had been called "accessory before the fact" are made a substantive felony and it is not necessary to first convict principals in order to convict an accessory to a crime. *State v. Jones,* 101 N.C. 719, 8 S.E. 148. However, it will be of assistance to examine the indictments in certain cases of robbery in order to decide whether this indictment is valid.

The defendants were charged with robbery with firearms in the case of *State v. Mull,* 224 N.C. 574, 31 S.E. 2d 764. The bill of indictment charged the property taken to be "two dollars in money." The court charged, "I instruct you that . . . gas tickets or coupons are recognized as personal property, and that the taking of them is a breach of the statute. . . ." Defendants contended that this instruction erroneously enlarged upon and departed from the bill of indictment. Holding that there was no error, this Court stated:

"Initially, it should be observed that the bill charges robbery from the person by the use or threatened use of firearms of two dollars in money the property of Cleveland Whisenant. The gist of the offense, as thus alleged, is the accomplishment of the robbery by the use or threatened use of firearms. Force or intimidation occasioned by the use or threatened use of firearms, is the main element of the offense. 'In such case it is not necessary or material to describe accurately or prove the particular identity or value of the property, *further than to show it was the property of the person assaulted or in his care, and had a value.*' " (Emphasis added.)

In the case of *State v. Guffey,* 265 N.C. 331, 144 S.E. 2d 14, the Court considered the appellant's contention that the indictment for

common law robbery was fatally defective in that it did not describe the property taken. Holding the indictment defective, the Court said:

"We have said in a number of cases that in an indictment for robbery the kind and value of the property taken is not material — the gist of the offense is not the taking, but a taking by force or putting in fear. *State v. Sawyer,* 224 N.C. 61, 29 S.E. 2d 34; *State v. Brown,* 113 N.C. 645, 18 S.E. 51; *State v. Burke,* 73 N.C. 83. See also *State v. Mull,* 224 N.C. 574, 31 S.E. 2d 764. However, in these cases the objection was not that there was no description but that the description was insufficient; the indictments described the property in general terms, such as 'money'.

"In our opinion an indictment for robbery must contain a description of the property sufficient, at least, to show that such property is the subject of robbery. To constitute the offense of robbery the property taken must be such as is the subject of larceny. *State v. Trexler,* 4 N.C. 188; 46 Am. Jur., Robbery, Sec. 8, p. 142."

Former jeopardy, being based on the fundamental legal principle that a person cannot be tried twice for the same offense, is a good plea. *State v. Mansfield,* 207 N.C. 233, 176 S.E. 761; N. C. Const., Art. I, Sec. 17. Further, a plea of former jeopardy must be grounded on the *same* offense both in law and fact. *State v. Davis,* 223 N.C. 54, 25 S.E. 2d 164.

The bill of indictment in the instant case charges the defendant with accessory before the fact of armed robbery in the general words of the statute, without any factual averments as to the identity of the victim, the property taken, or as to the manner or method in which defendant "counseled, incited, induced, procured and encouraged the principal felons." It is apparent that if the principal felons had committed more than one armed robbery in Mecklenburg County on 3 December 1966, defendant would be unable upon a subsequent prosecution to show that the latter prosecution was for the same offense as charged in the instant bill of indictment.

In the case of *State v. Banks,* 247 N.C. 745, 102 S.E. 2d 245, the Court stated:

". . . '. . . while it is a general rule prevailing in this State than an indictment for a statutory offense is sufficient if the offense be charged in the words of the statute, *S. v. Jackson,* 218 N.C. 373, 11 S.E. 2d 149, the rule is inapplicable where the words of the statute do not in themselves inform the accused of

the specific offense of which he is accused so as to enable him to prepare his defense or plead his conviction or acquittal as a bar to further prosecution for the same offense, *as* where the statute characterizes the offense in mere general or generic terms, or does not sufficiently define the crime or set forth all its essential elements. In such situation the statutory words must be supplemented by other allegations which so plainly, intelligible and explicitly set forth every essential element of the offense as to leave no doubt in the mind of the accused and the court as to the offense intended to be charged.' See also *S. v. Helms, ante* 740."

Since the bill of indictment which attempts to charge accessory before the fact of armed robbery does not sufficiently particularize and identify the crime charged so as to protect the defendant from subsequent prosecution for the same offense, we hold that the bill of indictment is fatally defective, and the judgment entered thereon is arrested.

However, defendant is not entitled to discharge. The State may put him on trial under a proper bill of indictment if it so elects.

The only assignment of error brought forward and argued in defendant's brief is that defendant did not receive a fair and impartial trial as guaranteed by Article I, Sec. 17, of the North Carolina Constitution, in that defendant was convicted upon the testimony of alleged accomplices who had pleaded guilty and whose sentences were withheld until after defendant's trial.

The court follows the rule that the unsupported testimony of an accomplice is sufficient to support a conviction if it satisfies a jury of defendant's guilt beyond a reasonable doubt. *State v. Terrell,* 256 N.C. 232, 123 S.E. 2d 469; *State v. Saunders,* 245 N.C. 338, 95 S.E. 2d 876; *State v. Tilley,* 239 N.C. 245, 79 S.E. 2d 473.

The fact that the witnesses Land and Moore had pleaded guilty was clearly brought to the attention of the jury. There is no evidence that any threats or promises of reward were made to the witnesses. The jury, after hearing all the evidence, returned verdicts of guilty as charged.

Since the presumption is in favor of the regularity of the trial below, the burden is on the defendant to show error that affected the result adversely to him. *State v. Gibson,* 233 N.C. 691, 65 S.E. 2d 508; *State v. Shepherd,* 230 N.C. 605, 55 S.E. 2d 79.

It is a settled principle of law in this State that until a term of court expires the judgment of the court remains *in fieri* and the judge may modify, change, alter, amend, or substitute another judgment for a prior judgment entered during that term. *State v. Gross,*

230 N.C. 734, 55 S.E. 2d 517; *State v. Godwin,* 210 N.C. 447, 187 S.E. 560.

Defendant's contention that his constitutional rights were impaired because the judge withheld sentencing of his alleged accomplices until after they testified at his trial is an obvious fallacy. The judge has full power in the exercise of his discretion not only to change and modify the judgment of the court entered during the term, but to hear *all* of the evidence in open court, both as to the facts in the case, the character and conduct of the parties, including their demeanor and conduct on the witness stand if they elect to testify, before imposing sentence on any of the defendants. This power is necessary in order for the judge to wisely administer appropriate justice.

Upon the arrest of judgment as to the charge of accessory before the fact of armed robbery, the sentence imposed on the charge of accessory after the fact of armed robbery becomes indefinite, since it originally was to commence at the expiration of the sentence imposed for accessory before the fact of armed robbery. The case as to accessory after the fact of armed robbery is remanded to the Superior Court of Mecklenburg County to the end that proper judgment may be entered for modification as to the time when the sentence shall begin.

As to the charge of accessory before the fact of armed robbery: Judgment arrested.

As to the charge of accessory after the fact of armed robbery: Error and remanded for modification of sentence.