STATE OF NORTH CAROLINA v. JOSEPH WADDELL

No. 12

(Filed 13 October 1971)

1. **Indictment and Warrant §§ 14, 17— sufficiency of indictment — motion to quash — variance — motion to dismiss**

A motion to quash is proper to challenge the sufficiency of the indictment to charge a criminal offense; a motion to dismiss is proper to challenge a variance between the indictment and the evidence.

2. **Indictment and Warrant §§ 11, 17; Robbery § 4— ownership of property taken in robbery — variance**

There was no fatal variance between an indictment alleging an armed robbery in which money was taken from the 7 Day Mart where "Jesse L. Brown was in attendance, said money being the property of Jesse L. Brown, t/b/d/a 7 Day Mart," and evidence that the 7 Day Mart was not owned by Jesse L. Brown but was owned by another individual.

3. **Criminal Law § 130— motion for mistrial — statement by unidentified person to prospective juror**

The trial court did not err in the denial of defendant's motion for a mistrial on the ground that prior to the trial an unidentified person told a prospective juror, who was thereafter accepted on the trial jury, "Don't find any Black Panthers guilty," where the evidence did not disclose whether defendant was a Black Panther or was in sympathy with them, and there was no evidence from which the court could conclude that the incident had any bearing on the verdict or the juror's participation in it.

APPEAL by defendant from *Johnston, J.*, January 18, 1971 Criminal Session, GUILFORD Superior Court (High Point Division).

In this criminal prosecution the defendant was charged, arraigned, and brought to trial on the following bill of indictment:

by threats of violence and by violence did unlawfully, wilfully and feloniously take, steal and carry away personal property, to-wit, $261.21 in good and lawful money of the United States from the place of business known as 7 Day Mart where, at said time, the said Jesse L. Brown was in attendance, said money being the property of Jesse L. Brown, t/d/b/a 7 Day Mart against the form of the statute in such case made and provided and against the peace and dignity of the State."

After arraignment and plea of not guilty, Jesse Brown was examined as a witness for the State. Brown testified that he was at the 7 Day Mart, 800 East Russell Street in Greensboro, where he was in charge. He did not own the place. Don Kennedy owned it. A few minutes before 9 o'clock on the evening of September 18, 1970, the defendant entered the Mart, pointed a .45 automatic pistol at the witness and announced, "This is a holdup." The witness surrendered the contents of the cash register, about $261.00. The witness and James Marsh, a customer in the Mart, were directed by the defendant to go outside the building and to run. They did as told.

Both Brown and Marsh gave the officers a description of the robber. Police officers, based on the description, arrested the defendant on September 30, 1970. At the time of the arrest, the defendant was carrying a .45 automatic pistol. He attempted to resist arrest by the use of the weapon, but the officers had "beaten him to the draw" and he surrendered. At the trial both Brown and Marsh identified the defendant as the robber.

After the State rested, the defendant moved to quash the indictment contending there was a fatal variance between the indictment and the evidence. The court denied the motion. The defendant did not offer evidence. The jury returned a guilty verdict.

A post-verdict inquiry conducted by the court disclosed the following:

"MR. WILSON (Attorney for defendant): Yesterday, your Honor indicated there had been some information passed to your Honor concerning some possible intimidation to, or attempt to converse, or in some way contact a member of the panel . . . . I wonder, if your Honor please, if we could inquire into the matter?"

The court recalled the trial jury to the box and Mr. Hinson testified that he and the elderly gentleman who apparently was excused, were sitting together in the lounge adjoining the courtroom. " . . . (S)o we were approached by some individuals . . . but they first asked him (Hinson's companion) if he was a juror and he said 'Yes'. There was three. . . . One had a Polaroid camera . . . . (T)hey said, 'Don't find any Black Panthers guilty', . . . and that is about the extent of it, sir."

The incident occurred before Mr. Hinson was accepted as a juror in the case. He related the incident, however, to the bailiff who notified the court. The court made this inquiry of Mr. Hinson:

"THE COURT: But beyond that, you have told no one but the Court?

MR. HINSON: No, sir.

MR. WILSON: That answers our inquiry, your Honor."

The court's inquiry ascertained that no other juror had been approached. The court overruled the defendant's motion for a mistrial. The defendant excepted and appealed.

*Robert Morgan, Attorney General, by Myron C. Banks, Assistant Attorney General, for the State.*

*Jerry C. Wilson for defendant appellant.*

HIGGINS, Justice.

The defendant by exceptive assignments, presents two questions for appellate review: (1) Did the court err in refusing to allow the motion to quash the indictment because of a variance between the charge and the proof? (2) Did the court err in denying the motion for a mistrial because of an unknown party's statement to the prospective juror (Hinson) before his acceptance on the trial panel?

The indictment was drawn under G.S. 14-87 which makes it a felony for any person to take or attempt to take personal property from another, or from any place of business by the use or threatened use of a firearm or other dangerous weapon whereby the life of a person is endangered or threatened. *State v. Parker*, 262 N.C. 679, 138 S.E. 2d 496.

[2] The defendant objected to the indictment and moved to quash on the ground of variance between the allegation in the indictment which alleged that Brown was the owner and in charge of the Mart from which the property was forcibly taken and the evidence which disclosed that Don Kennedy owned the Mart. The indictment clearly alleged the defendant by the threatened use of a pistol " . . . (W)hereby the life of Jesse L. Brown was endangered and threatened . . . by violence did unlawfully and feloniously take and carry away personal property, to-wit, $261.21 . . . from the place of business known as 7 Day Mart where . . . Jesse L. Brown was in attendance, said money being the property of Jesse L. Brown, t/d/b/a (trading and doing business as) 7 Day Mart." The defendant cites as his authority for the motion the case of *State v. Mull,* 224 N.C. 574, 31 S.E. 2d 764.

[1] A motion to quash an indictment is in order when the purpose is to challenge its sufficiency to charge a criminal offense. A motion to dismiss is in order when the prosecution fails to offer sufficient evidence the defendant committed the offense charged. A variance between the criminal offense charged and the offense established by the evidence is in essence a failure of the State to establish the offense charged. However, we have treated the defendant's motion made in this case as a motion to dismiss for lack of evidence to go to the jury on the charge of armed robbery. *State v. Barnes,* 253 N.C. 711, 117 S.E. 2d 849; *State v. Cooper,* 275 N.C. 283, 167 S.E. 2d 266; *State v. Vaughan, et al* 268 N.C. 105, 150 S.E. 2d 31.

Actually the Mull case on which defendant relies is good authority upon which to sustain a bill of indictment. "The gist of the offense, as thus alleged, is the accomplishment of the robbery by the use or threatened use of firearms. *S. v. Keller,* 214 N.C. 447, 199 S.E., 620. Force or intimidation occasioned by the use or threatened use of firearms, is the main element of the offense. G.S. 14-87; *S. v. Sawyer, ante,* 61, 29 S.E. (2d), 34; *S. v. Burke,* 73 N.C., 83. 'In such case it is not necessary or material to describe accurately or prove the particular identity or value of the property, further than to show it was the property of the person assaulted or in his care, and had a value.' *People v. Nolan,* 250 Ill., 351, 95 N.E., 140, 34 L.R.A. (N.S.), 301, Ann. Cas. 1912 B 401; 46 Am. Jur., 154."

[2] When tested by the rules approved in the Parker and Mull cases, and others therein cited, the indictment in this case contained all essential averments required by the statute. See also *State v. Lynch,* 266 N.C. 584, 146 S.E. 2d 677. The motion to quash the indictment was properly overruled.

[3] The trial judge did not commit error in refusing to order a mistrial on defendant's motion. Mr. Hinson and another were among those summoned for jury duty. They were in the courthouse ready to be called. Three men approached. One asked, "Are you on the jury?" and on receiving an affirmative answer the speaker said, "Don't find any Black Panthers guilty." Mr. Hinson did not know either of the men and did not know any Black Panthers. However, after he was accepted on the trial jury he told the bailiff of the occurrence in the courthouse. The bailiff evidently reported the incident to the trial judge. Before the jury was selected, each juror was interrogated, including Mr. Hinson who stated he knew of no reason why he could not give the defendant a fair and impartial trial.

After the verdict, however, the court notified counsel and the post-verdict inquiry resulted. The showing was insufficient upon which to order a new trial. The general rule in this jurisdiction is succinctly stated in a number of our cases. "Generally speaking neither the common law nor statutes contemplate as ground for a new trial a conversation between a juror and a third person unless it is of such a character as is calculated to impress the case upon the mind of the juror in a different aspect than *(sic)* was presented by the evidence in the courtroom, or is of such a nature as is calculated to result in harm to a party on trial. The matter is one resting largely within the discretion of the trial judge. (Citing authorities.) Denial of such motions is equivalent to a finding by the trial judge that prejudicial misconduct has not been shown." *State v. Sneeden,* 274 N.C. 498, 164 S.E. 2d 190. See also *State v. Shedd,* 274 N.C. 95, 161 S.E. 2d 477; G.S. 9-14; Strong's N. C. Index 2d, Criminal Law, Vol. 3, § 130, New Trial for Misconduct of or Affecting Jury, p. 52.

It is entirely proper for the trial judge to conduct an open inquiry into an attempt to influence a prospective juror in any case. The inquiry in this case, however, did not disclose whether the defendant was or was not a Black Panther, or whether he was or was not in sympathy with them. There is no evidence

from which the court could conclude the incident before the jury was selected had any bearing on the verdict or in Mr. Hinson's participation in it. The cases cited, and others of like import, hold to the contrary. The cases relied on by the defendant do not support his contention. He cites as authority for the motion these cases: *State v. Chamberlain,* 263 N.C. 406, 139 S.E. 2d 620; *State v. Grayson,* 239 N.C. 453, 80 S.E. 2d 387; *State v. Manning,* 251 N.C. 1, 110 S.E. 2d 474; *State v. Carter,* 233 N.C. 581, 65 S.E. 2d 9; *State v. Wagstaff,* 235 N.C. 69, 68 S.E. 2d 858. These cases do not offer support for a motion for a mistrial. Neither the cases cited, nor any others with which we are familiar appear to justify or authorize a mistrial on a showing so flimsy and nebulous as the occurrence which is the basis for Assignment of Error No. 2.

In the trial and judgment we find

No error.