IN THE SUPREME COURT OF NORTH CAROLINA

No. 65PA15

Filed 18 March 2016

STATE OF NORTH CAROLINA

v.

KEITH ANTONIO BARNETT

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 768 S.E.2d 327 (2015), vacating, in part, a judgment entered on 10 December 2013 by Judge F. Donald Bridges in Superior Court, Gaston County. Heard in the Supreme Court on 16 November 2015.

*Roy Cooper, Attorney General, by J. Joy Strickland and William P. Hart, Jr., Assistant Attorneys General, for the State-appellant.*

*Guy J. Loranger for defendant-appellee.*

ERVIN, Justice.

Defendant Keith Antonio Barnett was convicted of violating the sex offender registration laws and resisting, delaying, and obstructing a public officer. A unanimous panel of the Court of Appeals vacated defendant's sex offender registration conviction. We now reverse that decision of the Court of Appeals.

Defendant is required to register as a sex offender pursuant to the North Carolina Sex Offender and Public Protection Registration Program because of a 1997 felony conviction for taking indecent liberties with a child. On 6 January 2010, defendant pleaded guilty to and was convicted of failing to register as a sex offender

in October 2009. On 15 February 2010, defendant completed the initial registration process with the Gaston County Sheriff's Office, at which point defendant was required to report his physical address and to review "notice of duty to register" documentation. During the initial registration process, defendant reported that he resided at 554 South Boyd Street in Gastonia.

On 17 August 2011, a jury found defendant guilty of a second sex offender registration offense. Based upon that conviction, defendant was sentenced to an active term of twenty-eight to thirty-four months imprisonment. On 2 October 2012, the Court of Appeals filed an opinion vacating defendant's 17 August 2011 conviction based upon a determination that the indictment that had been returned against him in that case was fatally defective. *State v. Barnett*, 223 N.C. App. 65, 72, 733 S.E.2d 95, 100 (2012). On 14 November 2012, the North Carolina Division of Adult Correction released defendant from its custody in accordance with the Court of Appeals' decision.

In early February 2013, Deputy Luther Hester of the Gaston County Sheriff's Office received a telephone call concerning defendant. Upon receiving the information provided by the caller, Deputy Hester researched defendant's records and determined that, even though defendant was no longer incarcerated, he had not reported his current residence in the aftermath of his release from the custody of the Division of Adult Correction. According to Deputy Hester, the address of a registered sex offender is changed to the location of any facility or institution at which the

offender in question is incarcerated, with the offender being required to update his address information upon release.

On 6 February 2013, Deputy Hester, accompanied by two other deputies, went to 332 North Mountain Street in Gastonia, which was the address at which defendant was suspected of residing. As the deputies arrived, they observed defendant, who had been standing in the front yard, run into the house. After presenting himself at the front door of the residence and speaking with a woman who identified herself as defendant's mother, Deputy Hester was allowed to enter the house in order to look for defendant.

When Deputy Hester located defendant on the back porch of the residence and informed defendant that he was being placed under arrest for failing to provide notice that he had changed his address, defendant stated that he was not going back to jail and stood "in a competitive manner with his fists up in the air." After defendant refused to submit himself to arrest after repeated demands had been made that he lower his hands, Deputy Hester used a Taser to subdue defendant, handcuffed him, and placed him under arrest.

On 6 February 2013, warrants for arrest charging defendant with failing to notify the Gaston County Sheriff's Office of his address within three business days after having changed his address and with resisting, delaying, and obstructing a public officer were issued. On 18 February 2013, a Gaston County grand jury returned bills of indictment charging defendant with failing to notify the Gaston

County Sheriff's Office of his address within three business days after having changed his address and resisting, delaying, and obstructing a public officer. The charges against defendant came on for trial before the trial court and a jury at the 9 December 2013 criminal session of the Superior Court, Gaston County. At the appropriate time, defendant unsuccessfully moved to dismiss the sex offender registration charge for insufficiency of the evidence. After hearing the evidence, the arguments of counsel, and the trial court's instructions, the jury found defendant guilty as charged. In light of the jury's verdict, the trial court consolidated defendant's convictions for judgment and entered a judgment sentencing defendant to a term of twenty-five to thirty-nine months imprisonment. Defendant noted an appeal to the Court of Appeals from the trial court's judgment.

In seeking relief from the trial court's judgment before the Court of Appeals, defendant argued that the trial court had erred by denying his motion to dismiss the sex offender registration charge for insufficiency of the evidence on the grounds that the record evidence did not tend to show defendant's guilt of the offense charged in the indictment and that there was a fatal variance between the charge alleged in the indictment and the evidence adduced at trial. *State v. Barnett*, ___ N.C. App. ___, ___, 768 S.E.2d 327, 329 (2015).[1] A unanimous panel of the Court of Appeals agreed

---

[1] In his brief before the Court of Appeals, defendant also argued that, in the event that his trial counsel had failed to advance a variance-based argument at trial, his failure to do so constituted ineffective assistance of counsel. However, given that the Court of Appeals vacated defendant's failure to register conviction for insufficiency of the evidence, the Court of Appeals never reached his ineffective assistance claim.

with defendant's contention. After noting that the indictment returned against defendant alleged that he had violated N.C.G.S. § 14-208.11 by "fail[ing] to register as a sexual offender, in that the defendant did fail to notify the Gaston County Sheriff's Office, within three business days of his change of address," *id.* at ___, 768 S.E.2d at 330, the court determined that the State had proceeded against defendant at trial on the theory that he had failed to register "within three business days of release from a penal institution or arrival in a county to live outside a penal institution" as required by N.C.G.S. § 14-208.7(a), *id.* at ___, 768 S.E.2d at 331. In view of the fact that "defendant [had been] indicted on an allegation that he failed to register as a sex offender in that he failed to notify the Gaston County Sheriff's Office within three business days of his change of address in accordance with the requirements of N.C. Gen. Stat. § 14-208.9," the Court of Appeals held that "the trial court [had] erred in denying defendant's motion to dismiss." *Id.* at ___, 768 S.E.2d at 332.

The extent to which the evidence presented at trial suffices to support the denial of a motion to dismiss for insufficiency of the evidence is a question of law reviewed de novo by the appellate court. *See, e.g., State v. Earnhardt*, 307 N.C. 62, 66, 296 S.E.2d 649, 652 (1982). As this Court has previously stated:

> When considering a motion to dismiss for insufficiency of evidence, the court is concerned only with the legal sufficiency of the evidence to support a verdict, not its weight, which is a matter for the jury. The evidence must be considered in the light most favorable to the state;

> all contradictions and discrepancies therein must be resolved in the state's favor; and the state must be given the benefit of every reasonable inference to be drawn in its favor from the evidence. There must be substantial evidence of all elements of the crime charged, and that the defendant was the perpetrator of the crime.

*State v. Blake*, 319 N.C. 599, 604, 356 S.E.2d 352, 355 (1987) (citations omitted). "It is a rule of universal observance in the administration of criminal law that a defendant must be convicted, if convicted at all, of the particular offense charged in the bill of indictment." *State v. Jackson*, 218 N.C. 373, 376, 11 S.E.2d 149, 151 (1940). "A variance between the criminal offense charged and the offense established by the evidence is in essence a failure of the State to establish the offense charged." *State v. Waddell*, 279 N.C. 442, 445, 183 S.E.2d 644, 646 (1971). "A motion to dismiss is in order when the prosecution fails to offer sufficient evidence the defendant committed the offense charged." *Id.* at 445, 183 S.E.2d at 646. However, "[i]n order to prevail on such a motion, the defendant must show a fatal variance between the offense charged and the proof as to '[t]he gist of the offense.'" *State v. Pickens*, 346 N.C. 628, 646, 488 S.E.2d 162, 172 (1997) (quoting *Waddell*, 279 N.C. at 445, 183 S.E.2d at 646).

N.C.G.S. § 14-208.11(a)(2) provides that a person required to register as a sex offender in accordance with Article 27A of Chapter 14 of the General Statutes is guilty of a Class F felony if he willfully "[f]ails to notify the last registering sheriff of a change of address as required by this Article." N.C.G.S. § 14-208.11(a)(2) (2015). According to N.C.G.S. § 14-208.9(a), "[i]f a person required to register changes

address, the person shall report in person and provide written notice of the new address not later than the third business day after the change to the sheriff of the county with whom the person had last registered." *Id.* § 14-208.9(a) (2015). "If [a] person [required to register] is a current resident of North Carolina, the person shall register . . . [w]ithin three business days of release from a penal institution or arrival in a county to live outside a penal institution." *Id.* § 14-208.7(a)(1) (2015).

In the opinion that we filed today in *State v. Crockett*, ___ N.C. ___, ___, ___ S.E.2d ___, ___ (Mar. 18, 2016) (No. 29PA15), this Court clarified that N.C.G.S. § 14-208.7(a) applies solely to a sex offender's initial registration. N.C.G.S. § 14-208.9(a), on the other hand, applies to instances in which an individual previously required to register following his release from a penal institution or upon his conviction in the event that no active term of imprisonment was imposed as required by N.C.G.S. § 14-208.7(a) changes his address from the address on file with the sheriff of the county in which the sex offender last registered to a new address. In other words, contrary to the result reached in the Court of Appeals, we hold that there was no variance between the offense with which defendant was charged and the offense that defendant was convicted of committing. As a result, once defendant had initially registered as a sex offender on 15 February 2010 in accordance with N.C.G.S. § 14-208.7(a), any subsequent failure to notify the appropriate law enforcement agency that he had changed his address would constitute a violation of N.C.G.S. § 14-208.9(a)

and subject him to prosecution under section N.C.G.S. § 14-208.11(a)(2) even if his change of address resulted from a release from incarceration.

At trial, Deputy Hester testified that, when a registered sex offender is incarcerated after the date upon which he initially registers, his address for sex offender registration purposes changes to the facility or institution in which he is housed. As long as the registrant remains incarcerated, his address is that of the facility or institution in which he is confined. *See State v. Abshire*, 363 N.C. 322, 331, 677 S.E.2d 444, 451 (2009) (concluding that "a sex offender's address indicates his or her residence, meaning the actual place of abode where he or she lives, whether permanent or temporary"), *superseded on other grounds by statute*, An Act to Protect North Carolina's Children/Sex Offender Law Changes, ch. 247, sec. 8(a), 2005 N.C. Sess. Laws (Reg. Sess. 2006) 1065, 1070-71. Although the State did not elicit any evidence tending to show the location at which defendant had been incarcerated prior to his release from the custody of the Division of Adult Correction on 14 November 2012, his address necessarily changed when he was released from incarceration. As a result, in accordance with N.C.G.S. § 14-208.9(a), defendant was required to "report in person and provide written notice of the new address not later than the third business day after the change to the sheriff of the county with whom the person had last registered." Although defendant had last registered with the Gaston County Sheriff's Office, he failed to report in person or provide written notice of the fact that his address had changed from the facility or institution in which he had been

-8-

incarcerated to his new residence following his release from the custody of the Division of Adult Correction on 14 November 2012. In other words, given that the evidence adduced at trial tended to show that defendant was a "person required . . . to register" as a result of his 1997 conviction for taking indecent liberties with a child, N.C.G.S. § 14-208.11(a), that he had changed his address at the time that he was released from the custody of the Division of Adult Correction on 14 November 2012,[2] and that defendant "[f]ailed to notify the last registering sheriff of a change of address," *id.* § 14-208.11(a)(2), "not later than the third business day after the change," *id.* § 14-208.9(a), the State presented evidence tending to show the existence of each element of the offense with which defendant had been charged. *See Abshire*, 363 N.C. at 328, 677 S.E.2d at 449 (delineating the elements of the crime of failing to notify the appropriate sheriff of a sex offender's change of address under N.C.G.S. § 14-208.11(a)). Because the trial court properly denied defendant's dismissal motion,[3]

---

[2] As an aside, defendant asserts in his new brief that the record was devoid of any evidence tending to show that he remained a North Carolina resident. However, the fact that defendant had been a resident of Gaston County for some time, had reported having an address in Gaston County, and was apprehended in Gaston County, coupled with the absence of any evidence to the effect that he had moved out of state, sufficed to permit a jury determination that he had not established a place of abode out of state following his release from the custody of the Division of Adult Correction on 14 November 2012.

[3] In his new brief, defendant also argues that, as previously stated by this Court in *State v. Williams*, "[t]he failure of the trial court to submit the case to the jury pursuant to the crime charged in the indictment amounted to a dismissal of that charge and all lesser included offenses." *Williams*, 318 N.C. 624, 628, 350 S.E.2d 353, 356 (1986). We do not, however, believe that the principle upon which defendant relies has any application to this case given that, in light of the facts revealed by the present record, the trial court's

the Court of Appeals erred by determining that the record did not contain sufficient evidence to permit a determination that defendant committed the offense of failure to register. As a result, for all of these reasons, the Court of Appeals' decision vacating defendant's conviction for failure to register is reversed.[4]

REVERSED.

Justice BEASLEY did not participate in the consideration or decision of this case.

---

instructions accurately stated the determinations that the jury would need to make in order to convict defendant of the offense that he had been charged with committing.

[4] As an alternative to his substantive challenge to the denial of his dismissal motion, defendant argued before the Court of Appeals that, in the event that defendant's trial counsel had not properly preserved his fatal variance claim, any such failure on the part of defendant's trial counsel deprived defendant of his right to the effective assistance of counsel. However, our decision to address and reject defendant's fatal variance claim on the merits renders his ineffective assistance of counsel claim moot.