IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-715

No. COA22-348

Filed 1 November 2022

Cabarrus County, No. 20CRS50156-57

STATE OF NORTH CAROLINA

v.

NIKITA V. MACKEY

Appeal by defendant from judgment entered 4 June 2021 by Judge William Anderson Long, Jr., in Cabarrus County Superior Court. Heard in the Court of Appeals 19 October 2022.

*Attorney General Joshua H. Stein, by Assistant Attorney General Kayla D. Britt, for the State.*

*Shawn R. Evans for the defendant-appellant.*

TYSON, Judge.

Nikita V. Mackey ("Defendant") appeals from the judgment entered upon the jury's verdict from his two felony convictions of uttering a forged instrument and obtaining property by false pretenses. Our review discloses no error.

## I. Background

Defendant married Yvette Stewart in September 2016. The couple separated two years later and divorced in 2021. Defendant and Stewart always maintained

separate bank accounts, even while married. After the separation, Stewart moved to Tennessee and took her vehicle with her.

¶ 3 Stewart's vehicle needed repairs in March 2019. After Stewart had paid for the repairs, she realized her vehicle was still under a third-party maintenance warranty. She sought a reimbursement from the company issuing the warranty. The company agreed to reimburse Stewart in the amount of $1,200.92.

¶ 4 Stewart waited for the check, but it never arrived. She contacted the warranty company to inquire about her reimbursement. During that conversation, the company informed Stewart the check had been mailed to Defendant's address and it had been deposited into a bank. Stewart asked for more information, and the company sent her a copy of the cancelled check. Upon examination, she noticed the check had been signed and recognized Defendant's handwriting on the endorsement line.

¶ 5 Stewart sought a replacement check because she believed Defendant had forged her signature. The company informed Stewart they could not issue another check unless she notified law enforcement. Stewart reported the incident and provided handwriting samples to the Charlotte-Mecklenburg Police Department.

¶ 6 The officer in charge of investigating Stewart's claim subpoenaed the bank for all records related to the check. Bank records revealed Defendant had deposited the

check into his personal bank account on 18 June 2019. Video footage from the bank also showed Defendant visiting the bank on the same day the check was deposited.

¶ 7 Defendant was charged with uttering a forged instrument, obtaining property by false pretenses, and forgery of an instrument on 2 March 2020. At trial, the State entered the bank records and video footage into evidence. On 4 June 2021, a jury found Defendant guilty of obtaining property by false pretenses and uttering a forged instrument. The jury was unable to reach a unanimous verdict regarding forgery of an instrument. Defendant moved for a mistrial. The court granted Defendant's motion on the forgery charge.

¶ 8 The trial court consolidated the remaining two charges into one judgment. Defendant was sentenced as a level I offender and received an active sentence of 5 to 15 months, followed by 24 months of supervised probation. Defendant filed a timely notice of appeal on 9 June 2021.

## II.    Issues

¶ 9 Defendant argues: (1) a fatal variance exists between the indictment and the evidence entered at trial; and, (2) he is entitled to a new trial because eighteen bench conversations were omitted from the transcript despite the trial judge ordering a complete recordation.

## III.    Fatal Variance

¶ 10        Trial courts do not possess jurisdiction over a criminal defendant without a valid bill of indictment. *State v. Snyder*, 343 N.C. 61, 65, 468 S.E.2d 221, 224 (1996) (citation omitted).  An indictment "is fatally defective if it fails to state some essential and necessary element of the offense of which the defendant is found guilty." *State v. Ellis*, 368 N.C. 342, 344, 776 S.E.2d 675, 677 (2015) (citation and quotation marks omitted).

¶ 11        Rule 10(a)(1) of the North Carolina Rules of Appellate Procedure delineates the procedures for preserving errors on appeal:

> In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, *stating the specific grounds for the ruling the party desired the court to make* if the specific grounds were not apparent from the context.  It is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion.

N.C. R. App. P. 10(a)(1) (emphasis supplied).

¶ 12        A defendant must bring a motion to quash a fatally defective indictment to preserve the issue on appeal. *See State v. Waddell*, 279 N.C. 442, 445, 183 S.E.2d 644, 646 (1971) (explaining a motion to quash an indictment "on the ground of variance between the allegation in the indictment . . . and the evidence [ ] disclosed" at trial is appropriate "when the purpose is to challenge its sufficiency to charge a criminal offense," but a "motion to dismiss is in order when the prosecution fails to offer sufficient evidence the defendant committed the offense charged"); *State v. Pickens*,

346 N.C. 628, 645, 488 S.E.2d 162, 172 (1997) (citing *State v. Francis*, 341 N.C. 156, 160, 459 S.E.2d 269, 271 (1995)) ("Regarding the alleged variance between the indictment and the evidence at trial, defendant based his motions at trial solely on the ground of insufficient evidence and thus has failed to preserve this argument for appellate review.").

¶ 13    Defendant failed to file a motion to quash his indictment for any variance between the allegations in the indictment and the evidence disclosed at trial. Defendant did not mention the words "fatal," "defective," or "variance" in his motion to dismiss at the close of the state's evidence. While the Defendant moved to dismiss for *insufficiency of the evidence*, a motion to dismiss for insufficiency does not preserve Defendant's fatal variance argument for appeal. *Waddell*, 279 N.C. at 445, 183 S.E.2d at 646; *Pickens*, 346 N.C. at 645, 488 S.E.2d at 172 (citation omitted).

## IV.    Recordation

¶ 14    Criminal defendants have a statutory right to recordation of their trial in North Carolina. N.C. Gen. Stat. § 15A-1241 provides:

> (a) The trial judge must require that the reporter make a true, complete, and accurate record of all statements from the bench and all other proceedings except:
>
> > (1) Selection of the jury in noncapital cases;
> >
> > (2) Opening statements and final arguments of counsel to the jury; and

> (3) Arguments of counsel on questions of law.
>
> . . .
>
> > (c) When a party makes an objection to unrecorded statements or other conduct in the presence of the jury, *upon motion of either party* the judge must reconstruct for the record, as accurately as possible, the matter to which objection was made.

N.C. Gen. Stat. § 15A-1241 (2021) (emphasis supplied).

¶ 15 Our Supreme Court in *State v. Cummings* contrasts the disparate treatment of statements made in open court before a jury and those made in private bench conferences under N.C. Gen. Stat. § 15A-1241. 332 N.C. 487, 498, 422 S.E.2d 692, 698 (1992). The Court in *Cummings* concluded N.C. Gen. Stat. § 15A-1241 "appears to be designed to ensure that any statement by the trial judge, in open court and within earshot of jurors or others present in the courtroom, be available for appellate review." *Id.* Statements made in private bench conferences, however, are only required to be transcribed if "either party requests that the subject matter of a private bench conference be put on the record for possible appellate review." *Id.* If a party requests a bench conference to be transcribed per N.C. Gen. Stat. § 15A-1241, "the trial judge should comply by reconstructing, as accurately as possible, the matter discussed." *Id.* (citing N.C. Gen. Stat. § 15A-1241(c)).

¶ 16 "This Court has repeatedly held that [N.C. Gen. Stat. §] 15A-1241 does not require recordation of 'private bench conferences between trial judges and attorneys.'"

*State v. Blakeney*, 352 N.C. 287, 307, 531 S.E.2d 799, 814 (2000) (quoting *Cummings*, 332 N.C. at 497, 422 S.E.2d at 697); *accord State v. Speller*, 345 N.C. 600, 605, 481 S.E.2d 284, 287 (1997). In *Blakeney*, the defendant argued the "unrecorded bench conferences violated his statutory right to recordation under [N.C. Gen. Stat.] § 15A-1241 and deprived him of his constitutional right to due process by rendering appellate review impossible." *Id.* at 306, 531 S.E.2d at 814. Our Supreme Court held the trial court did not err by failing to record the bench conferences because the "defendant never requested that the subject matter of a bench conference be reconstructed for the record." *Id.* at 307, 531 S.E.2d at 814.

¶ 17 Defendant asserts the trial court ordered a complete recordation. This assertion is unfounded. Defendant only requested a complete recordation of the *voir dire* of an expert witness. Here, the trial court did not err for the same reasons the trial court did not err in *Blakeney*. Defendant "never requested that the subject matter of a bench conference be reconstructed for the record." *Blakeney*, 352 N.C. at 307, 531 S.E.2d at 814. Defendant's argument is overruled.

## V. Conclusion

¶ 18 Defendant failed to preserve his fatal variance of indictment argument for appeal through a motion to quash. Defendant has also failed to show the trial court committed plain error by failing, in the absence of a request, to make a complete recordation of the eighteen bench conference conversations. Defendant never

requested the trial court reconstruct the bench conversations for the record, despite requesting a complete recordation of the *voir dire* at another point during the trial.

¶ 19 Defendant received a fair trial, free from prejudicial errors he preserved and argued on appeal. We find no error in the jury's verdicts or in the judgment entered thereon. *It is so ordered.*

NO ERROR.

Judges ZACHARY and HAMPSON concur.