An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-846

Filed 20 August 2025

Rowan County, Nos. 23CRS000813-790, 23CRS285749-790

STATE OF NORTH CAROLINA

v.

MICHAEL RAY TRAPP, Defendant.


Appeal by defendant from judgment entered 27 March 2024 and amended 31 May 2024 by Judge Mike Adkins in Rowan County Superior Court. Heard in the Court of Appeals 20 March 2025.


*Attorney General Jeff Jackson, by Assistant Attorney General Reginaldo Enrique Williams, Jr., for the State-appellee.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Katy Dickinson-Schultz, for defendant-appellant.*


PER CURIAM.


Defendant Michael Ray Trapp seeks review of the judgment entered for failing to notify an address change as a sex offender and for having attained habitual felon status. Defendant entered an *Alford* guilty plea and reserved the right to appeal the jury instruction that defendant was required to register his changed address within three business days after release from incarceration. Defense counsel reviewed the

record for any meritorious appeal and finding none, filed a brief requesting our review pursuant to *Anders v. California* and *State v. Kinch*. *Anders*, 386 U.S. 738 (1967); *Kinch*, 314 N.C. 99 (1985). Defense counsel also filed a petition for writ of certiorari for any issues wherein the limited right of appeal pursuant to N.C.G.S. § 15A-1444(e) is lost. Defense counsel requests we review the record for any potential prejudicial error. Further, defense counsel advised defendant of his right to file an argument with this Court within thirty days of the filing of the *Anders* brief, and provided defendant with the record, transcripts, appellant brief and information he would need to file a supplemental brief. Defendant has not filed any brief with this Court. In our discretion, we grant defendant's petition and review in accordance with *Anders* and *Kinch*.

Defense counsel lists the following issues as having potential merit for our review: (1) whether the indictment was legally sufficient to confer jurisdiction on the trial court; (2) whether there was a sufficient factual basis for the charges appearing on the judgment; (3) whether the prior record level was supported; and (4) whether the trial court properly instructed the jury on the time requirement for registering a sex offender's changed address. We consider these legal points by reviewing the record, transcript, and briefs to fulfill our duty pursuant to *Anders* and *Kinch*, to "determine from a full examination of all the proceedings whether the appeal is wholly frivolous." *Kinch*, 314 N.C. at 102–03.

Having reviewed the record and considered the potential meritorious issues raised by defense counsel, we determine there is no prejudicial error. Defendant's indictment for failure to notify the sheriff of an address change adequately alleged the elements of the criminal offense. Although the incorrect statute, N.C.G.S. § 14-208.8, was included in the body of the indictment description, the correct statute was included in the section of the indictment that lists the crime, date, and statute of offense. *See State v. Harris*, 219 N.C. App. 590, 592–93 (2012). The State presented a sufficient factual basis for the failure to report a change in address as a sex offender offense through evidence of defendant's release from prison, his failure to report for a change in address until approximately fifteen days after release, and his stipulation to a prior registration as a sex offender. The State also presented a sufficient factual basis for defendant having attained habitual felon status.

Further the trial court's determination of defendant's prior record level VI is supported by the record. Defendant stipulated to the worksheet listing prior convictions and the trial court entered a presumptive sentence of 117 to 153 months' imprisonment after enhancing his sentence with the habitual felon status plea. Defendant also filed a supplemental brief seeking *Anders'* review via certiorari of whether his plea was the result of an informed choice. Accordingly, we also reviewed this in the record and determine defendant had an informed choice when he entered into the plea.

Finally, the trial court did not prejudicially err by including in the jury instruction that defendant was required to report his changed address three business days after release from incarceration. The trial court relied upon our Supreme Court's ruling in *State v. Crockett* and *State v. Barnett* in which the Court stated that the defendant was required to register with the sheriff's office three business days after release from incarceration. *Barnett*, 368 N.C. 710, 715 (2016). Accordingly, no prejudicial error occurred in the jury instructions for the offense of failing to register a changed address pursuant to N.C.G.S. § 14-208.11(a)(2). After complete review in accordance with the requirements of *Anders* and *Kinch*, we determine there is no prejudicial error and affirm the judgment entered against defendant.

AFFIRMED.

Before a panel consisting of Judges HAMPSON, GORE, and MURRY.

Report per Rule 30(e).