STROUD, Judge.
 

 *360
 
 Defendant appeals judgment from two convictions arising out of his failure to inform the sheriff's office of his address after being released on parole and one conviction for attaining the status of habitual felon. For the following reasons, we vacate one of defendant's convictions on the basis of double jeopardy, find no error on the other issues raised, and remand for resentencing.
 

 I. Background
 

 The general background of this case was stated in
 
 State v. Reynolds
 
 ,
 

 On or about 22 July 2013, defendant was indicted for failing to register as a sex
 
 *704
 
 offender. Thereafter, on or about 7 October 2013, defendant was indicted for attaining the status of habitual felon. During defendant's trial, two witnesses testified on behalf of the State. The first witness was defendant's supervising parole officer who testified that though defendant had on more than one occasion previously registered as a sex offender within three business days as required by law, defendant eventually refused to register after he was released from incarceration after a parole violation, stating that he was already registered and nothing had changed. The second witness was a detective with the Surry County Sheriff's Office who testified that he went to a magistrate for an arrest warrant due to defendant's failure to register within three business days of being released from incarceration, although he too noted defendant had previously registered.
 

 241 N.C.App. 657
 
 ,
 
 775 S.E.2d 695
 
 , slip op. at 1-2. (No. COA14-1019) (June 16, 2015) (unpublished) ("
 
 Reynolds I
 
 "). In
 
 Reynolds I
 
 , this Court vacated defendant's convictions concluding North Carolina General Statute § 14-208.11(a)(1) "logically applies only to individuals who are registering for the first time and not to defendant, who was already registered."
 
 See
 

 id.
 
 at 4.
 

 Thereafter, in August of 2015, defendant was again indicted for failure to report a new address as a sex offender and failure to report in
 
 *361
 
 person as a sex offender, both on the same offense date as in
 
 Reynolds I
 
 , but under North Carolina General Statute § 14-208.11(a)(2) and (a)(7). Defendant was also indicted for attaining the status of habitual felon. After a trial, the jury found defendant guilty on all counts, and the trial court entered judgment. Defendant appeals.
 

 II. Double Jeopardy
 

 Defendant was convicted of two separate crimes arising from his failure to register his change of address, one pursuant to North Carolina General Statute § 14-208.11(a)(2) and one pursuant to North Carolina General Statute § 14-208.11(a)(7). North Carolina General Statute § 14-208.11(a) provides in pertinent part:
 

 (a) A person required by this Article to register who willfully does any of the following is guilty of a Class F felony:
 

 ....
 

 (2) Fails to notify the last registering sheriff of a change of address as required by this Article.
 

 ....
 

 (7) Fails to report in person to the sheriff's office as required by G.S. 14-208.7, 14-208.9, and 14-208.9A.
 

 N.C. Gen. Stat. § 14-208.11
 
 (a) (2013).
 

 North Carolina General Statute § 14-208.11(a)(7) refers to three other statutes which address registration in different situations, but only one, § 14-208.9, is applicable in this situation.
 
 [1]
 
 Thus here, the State was required to prove that defendant failed to register as required by North Carolina General Statute § 14-208.9.
 

 North Carolina General Statute § 14-208.9(a) provides in pertinent part:
 

 (a) If a person required to register changes address, the person shall
 
 report in person
 
 and
 
 provide written
 

 *362
 

 notice
 
 of the new address not later than the third business day after the change to the sheriff of the county with whom the person had last registered. If the person moves to another county, the person shall also report in person to the sheriff of the new county and provide written notice of the person's address not later than the tenth day after the change of address.
 

 N.C. Gen. Stat. § 14-208.9
 
 (a) (2013) (emphasis added).
 

 With this background in mind, we turn to defendant's double jeopardy argument. Defendant contends that the trial court violated his constitutional protection against
 
 *705
 
 double jeopardy by entering judgment for convictions under both North Carolina General Statute § 14-208.11(a)(2) and (a)(7). "The standard of review for this issue is
 
 de novo
 
 , as the trial court made a legal conclusion regarding the defendant's exposure to double jeopardy."
 
 State v. Fox
 
 ,
 
 216 N.C.App. 144
 
 , 147,
 
 721 S.E.2d 673
 
 , 675 (2011) (citation and quotation marks omitted). "[T]he applicable test to determine whether double jeopardy attaches in a single prosecution is whether each statute requires proof of a fact which the others do not."
 
 State v. Mulder
 
 ,
 
 233 N.C.App. 82
 
 , 89,
 
 755 S.E.2d 98
 
 , 102 (2014) (citation, quotation marks, and brackets omitted).
 

 Turning back to the statute under which defendant was convicted:
 

 (a) A person required by this Article to register who willfully does any of the following is guilty of a Class F felony:
 

 ....
 

 (2) Fails to notify the last registering sheriff of a change of address as required by this Article.
 

 ....
 

 (7) Fails to report in person to the sheriff's office as required by G.S. 14-208.7, 14-208.9, and 14-208.9A.
 

 N.C. Gen. Stat. § 14-208.11
 
 (a). Our Court has already plainly stated that "[a] conviction for violating
 
 N.C. Gen. Stat. §§ 14-208.9
 
 (a) and
 
 14-208.11(a)(2)
 
 requires proof beyond a reasonable doubt that: (1) the defendant is a person required to register; (2) the defendant changes his or her address; and (3) the defendant fails to notify the last registering sheriff of the change of address [.]"
 
 See
 

 State v. Worley
 
 ,
 
 198 N.C.App. 329
 
 , 334,
 
 679 S.E.2d 857
 
 , 861 (2009) (emphasis added) (citations, quotation marks, ellipses, and brackets omitted). As to the elements of North Carolina General Statute § 14-208.11(a)(7), we have already established that in
 
 *363
 
 this particular case North Carolina General Statute § 14-208.11(a)(7) is controlled by the elements in North Carolina General Statute § 14-208.9 because the other two statutes noted in (a)(7) regarding initial registration and verification of registration are not applicable here.
 
 See
 

 N.C. Gen. Stat. § 14-208.11
 
 (a)(7) ;
 
 see also
 

 N.C. Gen. Stat. § 14-208
 
 .9A ;
 
 Crockett
 
 , 368 N.C. at 722, 782 S.E.2d at 882.
 
 Worley
 
 clearly states that "
 
 N.C. Gen. Stat. §§ 14-208.9
 
 (a) and 14-208.11(a)(2)" have the exact same elements.
 
 See
 

 Worley
 
 ,
 
 198 N.C.App. at 334
 
 ,
 
 679 S.E.2d at 861
 
 . Thus, in this particular instance
 
 both
 
 § 14-208.11(a)(2) and (a)(7) required defendant to inform the sheriff of his change of address pursuant to the requirements in § 14-208.9(a).
 
 See
 

 N.C. Gen. Stat. § 14-208.11
 
 (a)(2) and (7) ;
 
 Worley
 
 ,
 
 198 N.C.App. at 334
 
 ,
 
 679 S.E.2d at 861
 
 .
 

 The State attempts to distinguish the elements of North Carolina General Statute § 14-208.11(a)(2) and (7) by arguing
 

 the trial court's charge of failing to notify the last registering sheriff of a change of address was based upon Defendant's failure to provide written notice to the sheriff only ...; on the other hand, the charge of failing to report in person as required by
 
 N.C. Gen. Stat. § 14-208.9
 

 [2]
 
 was based upon Defendant's failure to report in person for the purpose of providing the written notification.
 

 But the State's attempted distinction between (a)(2) and (a)(7) is eliminated by North Carolina General Statute § 14-208.9, which applies equally to both subsections.
 
 See
 

 N.C. Gen. Stat. § 14-208.11
 
 (a)(2) and (7) ;
 
 Worley
 
 ,
 
 198 N.C.App. at 334
 
 ,
 
 679 S.E.2d at 861
 
 . North Carolina General Statute § 14-208.9 requires a registrant to "report
 
 in person
 
 and provide
 
 written notice
 
 of the new address[,]"
 
 N.C. Gen. Stat. § 14-208.9
 
 (emphasis added), and this language is applicable to both § 14-208.11(a)(2) and (a)(7).
 
 See
 

 State v. Holmes
 
 ,
 
 149 N.C.App. 572
 
 , 576,
 
 562 S.E.2d 26
 
 , 30 (2002) (" N.C.G.S. § 14-208.9 and the statute in question, § 14-208.11, are both within Article 27A, which defines the sex offender and public protection registration programs. Because they deal with the same subject matter, they must be construed in
 
 pari materia
 
 to give effect to each.") Because in this case North Carolina General Statute § 14-208.11(a)(2) and (a)(7) have the same elements, one of defendant's convictions must
 
 *706
 
 be vacated for violation of double jeopardy.
 
 See generally
 

 *364
 

 State v. Dye
 
 ,
 
 139 N.C.App. 148
 
 , 153,
 
 532 S.E.2d 574
 
 , 578 (2000) ("Under the circumstances of the instant case, therefore, the Double Jeopardy Clause constituted a bar to defendant's subsequent prosecution upon the domestic criminal trespass charge, and her conviction must be vacated[.]" (citation omitted)).
 

 Furthermore, to the extent the State argues the legislature intended North Carolina General Statute § 14-208.11(a)(2) and (a)(7) to be punished separately, we disagree. The entirety of the State's argument focuses upon "the express duty of registered offenders to report in person" versus "the purpose of requiring written notice[,]" but again, in this case both North Carolina General Statute § 14-208.11(a)(2) and (a)(7) required defendant to "report in person
 
 and
 
 provide written notice of the new address" pursuant to North Carolina General Statute § 14-208.9.
 
 N.C. Gen. Stat. § 14-208.9
 
 (emphasis added). There is simply no legal or practical difference between the two subsections as applied here. Therefore, we vacate one of defendant's convictions under North Carolina General Statute § 14-208.11 and remand for defendant to be resentenced on the remaining conviction.
 

 III. Motion to Dismiss
 

 Defendant also contends that "the trial court erred in denying ... [his] motion to dismiss when the State failed to present sufficient evidence that ... [he] had changed his address." (Original in all caps.) Defendant contends that "[t]he undisputed evidence showed that ... [he] initially registered in September 2011 with an address of ... Shoals Road.... He was incarcerated at times following that registration, but always returned to the same address." Thus, the only element defendant challenges is whether his address had changed.
 

 When ruling on a motion to dismiss for insufficient evidence, the trial court must consider the record evidence in the light most favorable to the State, drawing all reasonable inferences in the State's favor. The State is entitled to every reasonable intendment and inference to be drawn from the evidence, and any contradictions and discrepancies are to be resolved in favor of the State. The only issue before the trial court in such instances is whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense. Substantial evidence is relevant evidence that a reasonable mind might accept as
 
 *365
 
 adequate to support a conclusion. As long as the evidence permits a reasonable inference of the defendant's guilt, a motion to dismiss is properly denied even though the evidence also permits a reasonable inference of the defendant's innocence.
 

 Worley
 
 ,
 
 198 N.C.App. at 333
 
 ,
 
 679 S.E.2d at 861
 
 (citations and quotation marks omitted).
 

 The undisputed evidence establishes that although defendant had registered in September of 2011, he was thereafter incarcerated and released in January of 2013. In reversing a decision of this Court, our Supreme Court clarified,
 

 [a]s long as the registrant remains incarcerated, his address is that of the facility or institution in which he is confined. Although the State did not elicit any evidence tending to show the location at which defendant had been incarcerated prior to his release from the custody of the Division of Adult Correction on 14 November 2012, his address necessarily changed when he was released from incarceration. As a result, in accordance with N.C.G.S. § 14-208.9(a), defendant was required to report in person and provide written notice of the new address not later than the third business day after the change to the sheriff of the county with whom the person had last registered. Although defendant had last registered with the Gaston County Sheriff's Office, he failed to report in person or provide written notice of the fact that his address had changed from the facility or institution in which he had been incarcerated to his new residence following his release from the custody of the Division of Adult Correction on 14 November 2012.
 

 State v. Barnett
 
 ,
 
 368 N.C. 710
 
 , 714-15,
 
 782 S.E.2d 885
 
 , 889-90 (2016) (citations, quotation marks, ellipses, brackets, and footnote omitted).
 

 *707
 
 Defendant argues in response to
 
 Barnett
 
 that he was only in prison for a month, not long enough to establish a new address. But our Supreme Court did not establish a minimum time period of incarceration for the facility imprisoning a registrant to be considered a new address; rather, the Court stated, "[a]s long as the registrant remains incarcerated, his address is that of the facility or institution in which he is confined."
 
 Id.
 
 at 714,
 
 782 S.E.2d at 889
 
 . Defendant was not merely in jail overnight but rather was incarcerated for "a 30-day contempt period[,]" so
 
 Barnett
 

 *366
 
 still controls.
 
 See
 
 id.
 

 By showing defendant had been incarcerated for approximately a month and then released, the State established that defendant had a new address,
 
 see
 

 id.
 

 , and thus the trial court properly denied defendant's motion to dismiss. This argument is overruled.
 

 IV. Sentencing
 

 Defendant next contends that "[t]he trial court sentenced ... [him] in violation of N.C. GEN. STAT. § 15A-1335 when [it] imposed a sentence of 117-153 months when ... [he] had previously been sentenced to 87-117 months for the same conduct." As an initial matter, the State contends that because defendant challenges his presumptive range sentence, defendant has no right to appeal. But since we are vacating one of defendant's convictions he will necessarily need to be resentenced. Thus, we need not address this issue.
 

 V.
 
 State v. Barnett
 

 Defendant next contends that the trial court erred by not allowing his counsel to refer to
 
 State v. Barnett
 
 ,
 
 239 N.C.App. 101
 
 ,
 
 768 S.E.2d 327
 
 (2015) in his closing argument. But since defendant's trial, this Court's opinion in
 
 State v. Barnett
 
 was reversed by the Supreme Court in
 
 Barnett
 
 ,
 
 368 N.C. 710
 
 ,
 
 782 S.E.2d 885
 
 . Even if defendant should have been allowed to argue based upon
 
 State v. Barnett
 
 ,
 
 239 N.C.App. 101
 
 ,
 
 768 S.E.2d 327
 
 , at the time of his trial, there is no way to correct the error now. And even if this Court granted a new trial as defendant requests, defendant would not now be allowed to rely upon
 
 State v. Barnett
 
 ,
 
 239 N.C.App. 101
 
 ,
 
 768 S.E.2d 327
 
 , as it is not the law. Therefore, this issue is moot.
 
 See generally
 

 Roberts v. Madison Cty. Realtors Ass'n, Inc.
 
 ,
 
 344 N.C. 394
 
 , 398-99,
 
 474 S.E.2d 783
 
 , 787 (1996) ("A case is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." (quotation marks omitted)).
 

 VI. Indictments
 

 Defendant argues that the indictments are fatally defective because they fail to allege an essential element of North Carolina General Statute § 14-208.11(a)(2) and (a)(7). Defendant's argument contends
 

 [t]he indictments in this case are fatally defective because they failed to allege that Mr. Reynolds changed his address which is an essential element of the offense of failing to report or notify of an address change. Rather, the indictments only allege Mr. Reynolds failed to appear in person
 
 *367
 
 and provide written notice of his address after his release from incarceration.
 

 (Quotation marks omitted.) "We review the issue of insufficiency of an indictment under a
 
 de novo
 
 standard of review."
 
 State v. Marshall
 
 ,
 
 188 N.C.App. 744
 
 , 748,
 
 656 S.E.2d 709
 
 , 712 (2008).
 

 The question of what is required in an indictment for crimes under North Carolina General Statute § 14-208.11 has been answered previously by this Court and our Supreme Court; for a thorough review consider our Supreme Court's recent opinion of
 
 State v. Williams
 
 ,
 
 368 N.C. 620
 
 ,
 
 781 S.E.2d 268
 
 (2016). Ultimately, the
 
 Williams
 
 Court
 

 acknowledged the general rule that an indictment using either literally or substantially the language found in the statute defining the offense is facially valid and that the quashing of indictments is not favored. Here, defendant's indictment included the critical language found in N.C.G.S. § 14-208.11, alleging that he failed to meet his obligation to report as a person required by Article 27A of Chapter 14. This indictment language was consistent with that found in the charging statute and provided defendant sufficient notice to prepare a defense. Additional detail about the reporting requirement such as that found in section 14-208.9 was neither needed nor required in the indictment.
 

 Because defendant's indictment substantially tracks the language of
 
 *708
 
 section 14-208.11(a)(2), the statute under which he was charged, thereby providing defendant adequate notice, we conclude that the Court of Appeals' analysis in
 
 Williams
 
 is consistent with the applicable statutes and holdings cited above. Accordingly, we hold that defendant's indictment is valid and conferred jurisdiction upon the trial court.
 

 368 N.C. 620
 
 , 626,
 
 781 S.E.2d 268
 
 , 272-73 (2016) (citations and quotation marks omitted).
 

 Here, one indictment alleged that
 

 as a person required by Article 27A of Chapter 14 of the General Statutes to register as a sex offender, fail to notify the last registering Sheriff, Graham Atkinson, of an address change by failing to appear in person and
 
 *368
 
 provide written notice of his address after his release from incarceration[, and]
 

 the other indictment alleged that
 

 as a person required by Article 27A of Chapter 14 of the General Statutes to register as a sex offender, fail to report in person to the Sheriff's Office as required by N.C.G.S. 14-208.9(a) by failing to appear in person and provide written notice of his address after his release from incarceration.
 

 Each indictment "substantially tracks the language of ... the statute under which he was charged, thereby providing defendant adequate notice[.]"
 
 Id.
 
 at 626,
 
 781 S.E.2d at 273
 
 . Therefore, this argument is overruled.
 

 VII. Jury Instructions
 

 Lastly, defendant contends that "the trial court plainly erred when it varied from the pattern instruction and failed to instruct on all elements of the offense of failure to report an address change." (Original in all caps.) This argument is tied to defendant's double jeopardy argument as he contends that "had the jury been properly instructed, they probably would have found ... [him] guilty of only one offense, as even the trial court recognized that pattern instruction 'lumps it all into one charge,' although in this case the State 'broke it up into two.' " Because we are vacating one of defendant's convictions, we need not address this issue.
 

 VIII. Conclusion
 

 In conclusion, we vacate one of defendant's two convictions under North Carolina General Statute § 14-208.11(a) on the basis that his right to be free from double jeopardy was violated. Since we are vacating one conviction, we remand for resentencing. As to all other issues, we find no error.
 

 VACATED in part; NO ERROR in part; REMANDED FOR RESENTENCING.
 

 Chief Judge McGEE and Judge CALABRIA concur.
 

 [1]
 

 North Carolina General Statute § 14-208.7 is not applicable here because it applies to "the initial registration[.]"
 
 State v. Crockett
 
 ,
 
 368 N.C. 717
 
 , 722,
 
 782 S.E.2d 878
 
 , 882 (2016) ("We now hold that N.C.G.S. § 14-208.9, the change of address statute, and not section 14-208.7, the registration statute, governs the situation when, as here, a sex offender who has already complied with the initial registration requirements is later incarcerated and then released."). North Carolina General Statute § 14-208.9A is not applicable here either since that statute specifically deals with verification of registration.
 
 See
 

 N.C. Gen. Stat. § 14-208
 
 .9A (2013).
 

 [2]
 

 To be clear, defendant was not indicted under North Carolina General Statute § 14-208.9 ; the State charged defendant under § 14-208.11(a)(7) but that statute incorporates the requirements of § 14-208.9 in this case.