IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-368

Filed 18 February 2026

Iredell County, Nos. 21CR053136-480, 23CR001030-480

STATE OF NORTH CAROLINA

v.

ROBERT MICHAEL REDFEAR, JR.

Appeal by defendant from judgment entered 17 September 2024 by Judge Mike Adkins in Iredell County Superior Court. Heard in the Court of Appeals 19 November 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Tiffany Hoyd, for the State.*

*Jason R. Page for defendant-appellant.*

ZACHARY, Judge.

Defendant Robert Michael Redfear, Jr., appeals from the trial court's judgment entered upon a jury's verdict finding him guilty of failure to report a new address as a sex offender and his guilty plea to attaining habitual-felon status. On appeal, Defendant argues that the trial court (1) erred by failing to provide its rationale for denying his motion to suppress; (2) committed plain error by admitting at trial a portion of testimony regarding statements that Defendant made to a law enforcement officer when he had not been read his *Miranda* rights; and (3) erred by denying his motion to dismiss the charge of failure to report a new address as a sex offender. After

careful review, we conclude that (1) Defendant waived any argument regarding the denial of his motion to suppress; (2) Defendant's argument regarding the alleged violation of his constitutional rights was not preserved for appellate review; and (3) the trial court did not err in denying Defendant's motion to dismiss.

## I.     Background

Defendant's case came on for jury trial in Iredell County Superior Court on 24 October 2023. The evidence at trial tended to show the following:

As a registered sex offender, Defendant is required by law to provide his address to the sheriff's office of the county of his residence. *See* N.C. Gen. Stat. § 14-208.9(a) (2023). Defendant submitted the address of his father's house on Monticello Road in Statesville to the Iredell County Sheriff's Office. Despite multiple attempts, however, deputies were unable to locate Defendant at that address.

On 21 June 2021, Iredell County Sheriff's Deputy Alyssa Guadalupe, a compliance unit officer for registered sex offenders, traveled to Defendant's provided address to investigate his registry compliance after the Sheriff's Office received an SBI letter that was posted to the registered address but returned undelivered. She could not locate Defendant there, either. After ascertaining Defendant's sister's address on Kodak Drive, Deputy Guadalupe and Deputy Justin Roberts went to that location in search of Defendant.

When the officers arrived, Defendant and his brother-in-law's brother were sitting in lawn chairs in the front yard of the residence. Deputy Roberts engaged

Defendant in conversation while Deputy Guadalupe spoke to the other man. Without being apprised of his *Miranda*[1] rights, Defendant responded to Deputy Roberts's questions.

At trial, Deputy Roberts testified that Defendant stated that "he had been staying there [on Kodak Drive] for one week" and did not "contest not living at that residence [on Monticello Road]." In addition, Defendant explained that "he was trying to get some money together to take care of [an outstanding] child support warrant before he came to [the Sheriff's] [O]ffice and registered that particular address [on Kodak Drive] as being his address." Following their conversation, Deputy Roberts placed Defendant under arrest for the outstanding child support warrant.

Deputy Roberts further testified that when he spoke to Defendant's sister that day, she "confirm[ed] that [Defendant] had been living" at her house. In addition, Defendant's sister signed a written statement averring that in June 2021, Defendant was "back and forth" between the two homes, but that he was living with her at that time and had been living there for approximately "six to eight weeks." This statement was admitted into evidence and published to the jury. Defendant's sister also testified

---

[1] *See Miranda v. Arizona*, 384 U.S. 436, 457–58, 16 L. Ed. 2d 694, 713–14 (1966). "Under *Miranda*, the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *State v. Knight*, 245 N.C. App. 532, 544, 785 S.Ed.2d 324, 334 (2016) (cleaned up), *aff'd as modified*, 369 N.C. 640, 799 S.E.2d 603 (2017). "These safeguards include warning a criminal suspect being questioned that he has the right to remain silent, that anything he says can be used against him in a court of law, and that he has the right to the presence of an attorney, either retained or appointed." *Id.* (cleaned up).

to that effect at trial.

Defendant testified in his own defense at trial. According to Defendant, during the six- to eight-week timeframe in which he was "back and forth" between his father's and sister's homes, Defendant's registered address was at his father's house on Monticello Drive; Defendant explained, however, that due to a continuing conflict with his stepmother—Defendant's father's wife—Defendant would sometimes go stay with his sister "just to cool things off" after a heated argument. Defendant testified that he would generally stay at his sister's house for "a couple [of] days" at a time. Defendant further testified that when the deputies discovered him at his sister's house on 21 June 2021, he had only intended to stay with her for "the weekend" and he was unaware of the outstanding warrant for his arrest.

Defendant was indicted and tried for failure to report a new address as a sex offender and attaining the status of a habitual felon. Before opening statements, on the second day of trial, defense counsel made a motion to suppress testimony regarding certain statements made by Defendant to Deputy Roberts. A voir dire hearing was held outside the presence of the jury, at the conclusion of which the trial court denied the motion.

During trial, defense counsel moved to dismiss the charges at the close of the State's evidence and renewed the motion at the close of all evidence; the trial court denied the motion both times.

On 26 October 2023, the jury returned its verdict finding Defendant guilty of

failure to report a new address as a sex offender. On 17 September 2024, Defendant entered into a plea arrangement pursuant to which he agreed to plead guilty to attaining habitual-felon status and reserved the right to appeal his conviction for failure to report a new address. That same day, the trial court entered judgment consolidating Defendant's convictions and sentencing him to 95 to 126 months' imprisonment in the custody of the North Carolina Department of Adult Correction.

Defendant entered oral notice of appeal.

## II.    Discussion

Defendant asserts that the trial court (1) erred by failing to provide its rationale for denying his motion to suppress; (2) committed plain error by admitting at trial a portion of Deputy Roberts's testimony regarding statements that Defendant made when he had not been read his *Miranda* rights; and (3) erred by denying his motion to dismiss the charge of failure to report a new address as a sex offender.

### A. Motion to Suppress

Defendant contends that "the trial court erred by failing to provide the rationale for its ruling denying [his] motion to suppress" the testimony of Deputy Roberts regarding statements that Defendant made when he had not been apprised of his *Miranda* rights. However, we conclude that Defendant waived appellate review of the trial court's denial of his motion to suppress.

A defendant waives appellate review of the denial of the defendant's motion to suppress "if the defendant fails to further object to that evidence at the time it is

offered at trial." *State v. Anthony*, 271 N.C. App. 749, 752, 845 S.E.2d 452, 455 (cleaned up), *disc. review denied*, 376 N.C. 544, 851 S.E.2d 634 (2020); s*ee also State v. Golphin*, 352 N.C. 364, 463, 533 S.E.2d 168, 232 (2000) (concluding that the defendant's failure to object to the admission of evidence after the denial of the defendant's motion to suppress that same evidence constituted a waiver of the defendant's "right to have this issue reviewed on appeal"), *cert. denied*, 532 U.S. 931, 149 L. Ed. 2d 305 (2001).

In the present case, on the second day of trial, the State noted its intent to introduce into evidence certain statements that Defendant made to Deputy Roberts regarding his residence when he had not been read his *Miranda* rights. Defendant objected. The court and defense counsel then engaged in a colloquy, which ended with the court construing Defendant's objection as a motion to suppress.

The trial court conducted a voir dire hearing in which it heard testimony from Deputy Guadalupe and Deputy Roberts.[2] Defense counsel cross-examined Deputy Roberts but declined to put on evidence. The trial court denied the motion to suppress without making oral or written findings of fact, stating: "After hearing the arguments of counsel and hearing the evidence that has been presented, the [c]ourt, in its

---

[2] N.C. Gen. Stat. § 15A-975(b)(1) provides, in relevant part: "[a] motion to suppress may be made for the first time during trial when the State has failed to notify the defendant's counsel . . . sooner than 20 working days before trial, of its *intention to use the evidence*, and the evidence is . . . [e]vidence of a statement made by a defendant." N.C. Gen. Stat. § 15A-975(b)(1) (emphasis added). Here, while "the statement was included in the discovery," the State noted that it "didn't file a notice that would trigger a time period for which . . . [D]efendant had to object."

discretion, is going to deny . . . [D]efendant's motion."

Later during trial, Deputy Roberts testified regarding Defendant's statements to him that "he had been staying [at his sister's house] for one week" and did not "contest not living at that residence [on Monticello Road]." Defendant failed to "object to that evidence at the time it [wa]s offered at trial." *Anthony*, 271 N.C. App. at 752, 845 S.E.2d at 455 (cleaned up). Accordingly, Defendant waived appellate review of the trial court's denial of his motion to suppress.

### B. Plain-Error Review

Defendant also contends that "the trial court committed plain error by allowing Deputy Roberts to testify as to statements made by [Defendant] during a custodial interrogation when he had not been given a *Miranda* warning." (Italics added). This argument was not preserved for appellate review.

In criminal cases, certain evidentiary and instructional issues that were not properly preserved by objection at trial and that are not otherwise "deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R. App. P. 10(a)(4).

Here, however, the evidence to which Defendant failed to object, and for which he seeks plain-error review, presents a constitutional issue and an evidentiary issue intertwined. As our Supreme Court has explained, "constitutional questions not raised and passed upon in the trial court will not ordinarily be considered on appeal."

*State v. Lemons*, 352 N.C. 87, 91, 530 S.E.2d 542, 545 (2000) (cleaned up), *cert. denied*, 531 U.S. 1091, 148 L. Ed. 2d 698 (2001); *see also Golphin*, 352 N.C. at 405, 533 S.E.2d at 198–99. "[E]ven constitutional challenges are subject to the same strictures of Rule 10(a)(1)." *State v. Bursell*, 372 N.C. 196, 199, 827 S.E.2d 302, 305 (2019).

As Defendant acknowledges, he did not object to the admission of Deputy Roberts's testimony to Defendant's inculpatory statements, which were made without the benefit of a *Miranda* warning. Therefore, "Defendant cannot prevail on this issue without our invoking Rule 2, because his constitutional argument was waived." *State v. Spinks*, 277 N.C. App. 554, 571, 860 S.E.2d 306, 320 (2021) (cleaned up).

Rule 2 is a discretionary rule which permits this Court "to suspend or vary the requirements or provisions of any Rules of Appellate Procedure in a case pending before it upon application of a party or upon its own initiative to prevent manifest injustice to a party, or to expedite decision in the public interest." *State v. Radomski*, 294 N.C. App. 108, 112, 901 S.E.2d 908, 912 (cleaned up), *disc. review denied*, 386 N.C. 557, 904 S.E.2d 542 (2024); *see* N.C.R. App. P. 2. Our Supreme Court has advised that "Rule 2 must be applied cautiously, and it may only be invoked in exceptional circumstances." *Bursell*, 372 N.C. at 200, 827 S.E.2d at 305 (cleaned up).

Notwithstanding Defendant's failure to request our invocation of Rule 2, after careful review, we conclude that Defendant has not shown that appellate review is necessary "to prevent manifest injustice" or "to expedite decision in the public interest." *Radomski*, 294 N.C. App. at 112, 901 S.E.2d at 912 (cleaned up).

Accordingly, we decline, in our discretion, to invoke Rule 2 to review this issue.

**C. Motion to Dismiss**

Defendant also contends that the trial court erred by denying his motion to dismiss "because there was insufficient evidence that he had changed his address." We disagree.

**1. Standard of Review**

"Whether the State presented substantial evidence of each essential element of the offense is a question of law; therefore, we review the denial of a motion to dismiss de novo." *State v. Lamp*, 383 N.C. 562, 569, 884 S.E.2d 623, 628 (2022) (citation omitted).

"When ruling on a motion to dismiss for insufficient evidence, the trial court must consider the record evidence in the light most favorable to the State, drawing all reasonable inferences in the State's favor." *State v. Reynolds*, 253 N.C. App. 359, 364, 800 S.E.2d 702, 706 (2017) (citation omitted), *disc. review denied*, 370 N.C. 693, 811 S.E.2d 159 (2018). "The State is entitled to every reasonable intendment and inference to be drawn from the evidence, and any contradictions and discrepancies are to be resolved in favor of the State." *Id.* (citation omitted).

"The only issue before the trial court in such instances is whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." *Id.* (citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to

support a conclusion." *Id.* at 364–65, 800 S.E.2d at 706 (citation omitted). "Once the court decides that a reasonable inference of the defendant's guilt may be drawn from the circumstances, then it is for the jury to decide whether the facts, taken singly or in combination, satisfy it beyond a reasonable doubt that the defendant is actually guilty." *State v. Parker*, 274 N.C. App. 464, 468, 852 S.E.2d 638, 644 (2020) (cleaned up).

**2. Analysis**

The jury convicted Defendant of failure to report a new address as a sex offender, in violation of N.C. Gen. Stat. § 14-208.11(a)(2). That section provides that "[a] person required by this [a]rticle to register who willfully does any of the following is guilty of a Class F felony: . . . [f]ails to notify the last registering sheriff of a change of address as required by this [a]rticle." N.C. Gen. Stat. § 14-208.11(a)(2). "The three essential elements of this offense are (1) the defendant is a person required to register; (2) the defendant changes his or her address; and (3) the defendant fails to notify the last registering sheriff of the change of address within three business days of the change." *State v. James*, 242 N.C. App. 188, 192–93, 774 S.E.2d 871, 874 (2015) (cleaned up), *aff'd*, 368 N.C. 728, 782 S.E.2d 509 (2016).

"[A] sex offender's address indicates his or her residence, meaning the actual place of abode where he or she lives, whether permanent or temporary, so that law enforcement authorities and the general public know the whereabouts of sex offenders in our State." *State v. Fox*, 216 N.C. App. 153, 157, 716 S.E.2d 261, 265

(2011) (cleaned up). "Determining that a place is a person's residence suggests that certain activities of life occur at the particular location." *Id.* (citation omitted). "Beyond mere physical presence, activities possibly indicative of a person's place of residence are numerous and diverse, and there are a multitude of facts a jury might look to when answering whether a sex offender has changed his or her address." *Id.* at 157–58, 716 S.E.2d at 265 (citation omitted).

In the instant case, Defendant's only registered address on 21 June 2021 was that of his father's home on Monticello Road. However, deputies had been unable to locate Defendant there and mail sent to that address from the SBI was returned undelivered. Ultimately, deputies discovered Defendant at his sister's home on Kodak Drive.

Deputy Roberts testified that Defendant told him that "he had been staying there for one week" and that Defendant did not "contest not living at that residence"— that is, at his sister's home on Kodak Drive. Defendant's sister "confirm[ed] that [Defendant] had been living there" and signed a statement that he had been living there for "six to eight weeks" by that point. At trial, Defendant's sister testified to that effect and her signed statement was admitted into evidence and published to the jury.

Viewed in the light most favorable to the State, and regardless of Defendant's intent to retain a registered address at Monticello Drive or how frequently he stayed there, there was ample evidence that he resided at another address—his sister's

home—and that he did not register that address as mandated by statute. *See* N.C. Gen. Stat. § 14-208.9(a). As this Court has recognized: "[E]veryone, at all times, has *some* address for purposes of the sex offender registration statutes, even if it changes daily." *State v. McFarland*, 234 N.C. App. 274, 281, 758 S.E.2d 457, 463 (2014) (emphasis added). Indeed, "it is certainly possible for one to have two addresses in the same day." *Lamp*, 383 N.C. at 571, 884 S.E.2d at 629. Moreover, even if Defendant "was back and forth" between his father's and his sister's homes—actually residing at both places—this would not negate his obligation to register *both addresses* with the Sheriff's Office so that his whereabouts remain known.

Accordingly, we conclude that the trial court did not err in denying Defendant's motion to dismiss.

## III. Conclusion

For the reasons stated above, we conclude that (1) Defendant waived any argument regarding the denial of his motion to suppress; (2) Defendant's argument regarding the alleged violation of his constitutional rights was not preserved for appellate review; and (3) the trial court did not err in denying Defendant's motion to dismiss.

NO ERROR.

Judges FLOOD and STADING concur.